[No. 18021.    Department One. — March 16, 1893.]

## S. D. DAMMON, RESPONDENT, v. J. H. BEECHER, DEFENDANT, AND PETER CRUMBAUGH, APPELLANT.

PARTNERSHIP — DEPOSIT OF MONEY WITH MANAGING PARTNER — LIABILITY OF FIRM — MONEY HAD AND RECEIVED. — Where money was deposited with the managing member of a partnership, who had full power to borrow money for the use of the firm, and sign notes in the name of the firm, and who deposited it with the firm funds, and gave a receipt therefor in the name of the firm, and used the money for the benefit of the partnership, the firm is liable in an action for money had and received, although the other partner was absent at the time the deposit was made, and had no knowledge of the transaction, and the receipt of the money was outside the regular business of the partnership.

APPEAL from a judgment of the Superior Court of Shasta County.

The facts are stated in the opinion of the court.

*L. V. Hitchcock*, for Appellant.

*C. P. Sprague*, for Respondent.

GAROUTTE, J. — The defendants were partners doing a general merchandise business. Beecher was the general manager thereof, Crumbaugh living at a distance, and being seldom at the place of business. While defendants were so engaged as partners, on the 31st of July, 1886, plaintiff deposited with the firm the sum of $1,050. The defendant Crumbaugh was absent, as he usually was, from his place of business at the time the deposit was made. The money was handed to defendant Beecher, as a member of the firm, who deposited it with the firm funds, giving a receipt therefor in the name of

the firm, and it was thereupon used in the business of Beecher & Crumbaugh, Beecher failing to inform Crumbaugh of the transaction. This action was brought to recover from the partnership the amount of money so deposited.

The only question involved in this appeal is as to the liability of the appellant, Crumbaugh, upon the foregoing state of facts. If Beecher had used the money for his individual purposes, with some reason it might be urged that no liability was created against Crumbaugh, for the transaction of the receipt of the money was outside of the regular business of the partnership. But here the money was used for the purchase of partnership goods and the payment of partnership debts. It was directly applied to the satisfaction of Crumbaugh's liabilities, and this was all done by the partner, who received the money in the name of the partnership, and who had the entire charge and control of the business. Beecher had full power to borrow money for the use of the firm, and sign notes in the name of the firm, and thus bind his partner. Looking at this transaction in its most favorable light for the appellant, he should not be placed in a better position toward the plaintiff than if Beecher had given a firm note for the money, rather than a firm receipt. Beecher and the plaintiff, Dammon, both testified that the money was left with the firm, and the receipt so indicates. The fact that one partner was not present at the moment the money passed from plaintiff into the safe of the firm is immaterial. Under all the circumstances of the case, we are bound to hold that when the managing partner used this money for the benefit of the partnership, the partnership was liable for money had and received. It may be conceded that the act of a partner who, being a trustee, improperly employs the money of his *cestui que trust* in the partnership business does not of itself create a liability in favor of the beneficiary against the firm; but the present case is much broader in its facts. This entire question is exhaustively discussed in the case of *In re Ketchum*, 1

Fed. Rep. 815, and the doctrine there declared goes to much greater lengths than is necessary to support the plaintiff's claims in the present case.

For the foregoing reasons, let the judgment and order be affirmed.

HARRISON, J., and PATERSON, J., concurred.